**BESHADA FARNESE LLP**
Donald A. Beshada (DAB 2909)
108 Wanaque Avenue
Pompton Lakes, New Jersey 07442
Telephone:	(973) 831-9910
Facsimile:	(973) 831-7371
Email:	dbeshada@gmail.com

*Attorney for Defendant and Counterclaimant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a, BLACKBIRD TECHNOLOGIES,<br><br>*Plaintiff*<br><br>v.<br><br>ONTEL PRODUCTS CORPORATION,<br><br>*Defendant.* | CIVIL ACTION No. 2:17-CV-06377-CCC-MF<br><br>Hon. Claire C. Cecchi<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Ontel Products Corporation ("Ontel" or "Defendant"), by and through its undersigned counsel, hereby files its Answer, Affirmative Defenses and Counterclaims to Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies' ("Blackbird" or "Plaintiff") Complaint for Patent Infringement (the "Complaint").

### RESPONSES TO INDIVIDUALLY NUMBERED PARAGRAPHS

### The Parties

1.	Plaintiff Blackbird Technologies is a New Jersey limited liability company with its principal place of business located at 200 Baker Avenue, Suite 203, Concord Massachusetts 01742.

**Answer: Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies them.**

2.  On information and belief, Defendant is a New Jersey corporation with its principal place of business located at 21 Law Drive, Fairfield, NJ 07004.

**Answer: Defendant admits the allegations contained in Paragraph 2.**

3.  This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq.*

**Answer: Defendant admits that Plaintiff purports to bring this action for patent infringement under the patent laws of the United States of America, Title 35, United States Code §§ 100, *et seq.* Except as expressly admitted, Defendant denies any remaining allegations contained in Paragraph 3 of the Complaint.**

4.  Subject-matter jurisdiction over Blackbird Technologies' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

**Answer: Defendant admits the allegations contained in Paragraph 4.**

5.  This Court has personal jurisdiction over Defendant because Defendant is subject to general and specific jurisdiction in New Jersey. Defendant has also established minimum contacts with this forum. The exercise of personal jurisdiction comports with Defendant's right to due process because, as described below, Defendant has purposefully availed itself of the privilege of conducting activities within New Jersey such that it should reasonably anticipate being hailed into court here. As alleged herein, acts by Defendant in this District have caused injury to Blackbird Technologies.

**Answer: Plaintiff's allegations in Paragraph 5 are legal conclusions that Defendant is not required to admit or deny, but to the extent that any response is required, Defendant admits that it is subject to this Court's personal jurisdiction and denies all remaining allegations contained in Paragraph 5.**

6. Defendant has been incorporated in New Jersey at all relevant times.

**Answer: The phrase "at all relevant times" is not sufficiently definite for Defendant to form a belief as to the truth of the allegations contained in Paragraph 6 and, on that basis, denies them.**

7. Defendant regularly conducts business in New Jersey, by marketing, selling, and/or offering for sale accused electrical outlet covers through its brand websites, such as www.buynightangel.com, which is accessible throughout the United States, including New Jersey. Defendant's accused products are available on other websites, such as amazon.com and homedepot.com, accessible through the United States, including New Jersey, and in Home Depot stores in New Jersey.

**Answer: Defendant admits that its accused Night Angel product is available on the website www.buynightangel.com. Defendant denies that it sells the Night Angel product on the websites amazon.com and homedepot.com. Defendant denies all other allegations contained in Paragraph 7.**

8. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant resides in New Jersey.

**Answer: Defendant admits that venue in this District is proper pursuant to 28 U.S.C. § 1400(b).**

**U.S. Patent No. 6,883,927**

9. U.S. Patent No. 6,883,927 (the "'927 patent" or "patent-in-suit") entitled, "Frame

Assembly and Light for an Electrical Wall Conduit," was duly and legally issued by the U.S. Patent and Trademark Office on April 26, 2005. Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '927 patent, including all right to recover for any and all infringement thereof. The '927 patent is valid and enforceable. A true and correct copy of the '927 patent is attached as Exhibit A.

**Answer: The '927 Patent is a document that speaks for itself and Plaintiff's characterization of that document is denied. Defendant denies all other allegations contained in Paragraph 9.**

### Count I – Infringement of the '927 Patent

10.     Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

**Answer: Defendant hereby repeats and incorporates by reference is Answers to the allegations contained in Paragraphs 1 through 9 of the Complaint as though fully set forth herein.**

11.     Defendant infringes one or more claims of the '927 patent, including at least claim 17, by importing, making, using, selling, and/or offering to sell certain electrical wall outlet covers, including the Night Angel product (*see* Ex. B).

**Answer: Defendant denies the allegations contained in Paragraph 11.**

12.     The Night Angel, pictured below, infringes at least claim 17: (*See* Ex. B). As shown, the Night Angel includes a rectangular frame (the outlet cover), through which a component (the electrical outlets) is accessible. The Night Angel further includes a light, wherein the rectangular frame has a side (the bottom side) of sufficient depth to house the light(s), and wherein the (bottom) side has an aperture for allowing the light to illuminate outside the frame through the aperture. The light in the Night Angel comprises a plurality light emitting diodes

(LEDs). Also included are a series of side apertures, and each LED extends into its respective side aperture.

**Answer: Defendant admits that Paragraph 12 appears to include an exemplary image of a product that appears to be Defendant's Night Angel product. Defendant denies all other allegations in Paragraph 12.**

13. Blackbird Technologies has sustained damages as a direct and proximate result of Defendant's infringement of the '927 patent.

**Answer: Defendant denies the allegations contained in Paragraph 13.**

14. As a consequent of Defendant's past infringement of the '927 patent, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

**Answer: Defendant denies the allegations contained in Paragraph 14.**

15. As a consequence of Defendant's continued and future infringement of the '927 patent, Blackbird Technologies is entitled to royalties for its infringement of the '927 patent on a going-forward basis.

**Answer: Defendant denies the allegations contained in Paragraph 15.**

## Prayer for Relief

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A. Adjudging that Defendant has infringed at least claim 17 of the '927 patent, in violation of 35 U.S.C. § 271(a);

B. An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for Defendant's past infringement and any continuing or future infringement up

until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

   C. Ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '927 patent on a going-forward basis;

   D. Adjudging that this case be exceptional under 25 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Blackbird Technologies;

   E. Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

   F. Granting Blackbird Technologies such further relief as this Court deems just and proper under the circumstances.

**Answer: The remainder of Plaintiff's Complaint, Paragraphs A though F, merely recite a prayer for relief to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to any remedy for relief.**

<u>**Demand for a Jury Trial**</u>

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

**Answer: Defendant acknowledges Plaintiff's demand and states that it does not dispute Plaintiff's right to a trial by jury on any issue so triable as of right.**

**RESIDUAL DENIAL: Defendant denies as untrue each and every allegation of the Complaint that is not specifically admitted above.**

## AFFIRMATIVE DEFENSES

1. Defendant asserts the following additional defenses to the Complaint but does not assume the burden of proof on any such defenses except as required by applicable law.

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE – STATUTE OF LIMITATIONS

3. Plaintiff's claim is barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE – STANDING

4. Plaintiff lacks standing to assert the claim contained in the Complaint.

### FOURTH DEFENSE – LICENSE OR OTHERWISE AUTHORIZED USE

5. Plaintiff's claim is barred to the extent the allegedly unlawful or infringing use was licensed or otherwise authorized by persons or entities with the right to license or authorize such use.

### FIFTH DEFENSE – ESTOPPEL

6. Plaintiff's claim is barred by the doctrine of estoppel.

### SIXTH DEFENSE – WAIVER

7. Plaintiff's claim is barred by the doctrine of waiver.

### SEVENTH DEFENSE – UNCLEAN HANDS

8. Plaintiff's claims is barred or abated substantially by the doctrine of unclean

hands.

## EIGHTH DEFENSE – FAILURE TO MITIGATE

9. Without any admission by Defendant that Plaintiff suffered any injury in any way, to the extent that Plaintiff did suffer injury, its claim is barred in whole or in part because it failed to use reasonable means to prevent the alleged damage and failed to use reasonable means to mitigate its damages.

## NINTH DEFENSE – NO DAMAGES

10. Plaintiff's claim fails in whole or in part to the extent it has suffered no damages.

## TENTH DEFENSE – NO PATENT INFRINGEMENT

11. Defendant has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid, enforceable, asserted claim of the '927 Patent, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement, for at least the reason that Defendant's Night Angel product does not read on the limitations of "a rectangular frame through which the component is accessible" and "wherein the LED is a plurality of LEDs and the side aperture is a series of side apertures, one aperture for each LED, and each LED extends into its respective side aperture" as Claim 17 of the '927 Patent recites. Defendant reserves the right to supplement and/or amend its defense for non-infringement as additional information is discovered and disclosed including, without limitation, Plaintiff's characterization of the '927 Patent's claim terms, Plaintiff's claim construction positions, and discovery of relevant information related to prosecution of the '927 Patent.

## ELEVENTH DEFENSE – PATENT INVALIDITY

12. Each asserted claim of the '927 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§

8

102, 103, and the rules, regulations, and laws pertaining thereto, for at least the reason that the patented technology encompassed by the '927 Patent is disclosed, either alone or in combination, by U.S. Patent No. 4,649,323, U.S. Patent No. 5,909,087, U.S. Patent No. 6,010,228, U.S. Patent No. 5,704,802, U.S. Patent No. 5,660,459, U.S. Patent No. 4,755,913, Japanese Patent No. JP09259985A. Ontel reserves the right to supplement and/or amend its defense for patent invalidity as additional information is discovered and disclosed including, without limitation, Plaintiff's characterization of the '927 Patent's claim terms, Plaintiff's claim construction positions, and discovery of relevant information related to prosecution of the '927 Patent.

### TWELFTH DEFENSE – GOOD FAITH § 285

13. Defendant has engaged in all relevant activities in good faith, thereby precluding Plaintiff from recovering its reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

### THIRTEENTH DEFENSE – GOOD FAITH § 284

14. Defendant has engaged in all relevant activities in good faith, thereby precluding Plaintiff from recovering increased damages under 35 U.S.C. § 284.

### FOURTEENTH DEFENSE – NOT WILLFUL

15. Should Defendant be found to infringe any valid, enforceable claims of the '927 patent, such infringement was not and is not willful.

### FIFTEENTH DEFENSE – LIMITATION ON DAMAGES

16. Plaintiff's right to seek damages is limited by 35 U.S.C. §287.

### SIXTEENTH DEFENSE - RESERVATION OF RIGHTS TO ADD DEFENSES

17. Plaintiff reserves the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

## COUNTERCLAIM

Defendant/Counterclaimant Ontel Products Corporation ("Ontel") for its Counterclaim against Plaintiff/Counterclaim Defendant Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird") alleges as follows:

### The Parties

1.      Ontel is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 21 Law Drive, Fairfield, NJ 07004.

2.      On information and belief, Blackbird, a non-practicing entity, is a New Jersey limited liability company with its principal place of business located at 200 Baker Avenue, Suite 203, Concord, Massachusetts 01742.

### Jurisdiction and Venue

3.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over Blackbird, which has availed itself of this Court by asserting claims of alleged patent infringement in this Court.

5.      Venue in this Court is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

### General Allegations

6.      The allegations of paragraphs 1 through 5 of this Counterclaim are incorporated herein by reference.

7.      Blackbird alleges it is the owner of U.S. Patent No. 6,883,927 ("the '927 Patent").

8. On or about August 23, 2017, Blackbird instituted a suit against Ontel accusing Ontel's Night Angel product of infringing the '927 Patent and, in particular, infringing Claim 17 of the '927 Patent.

9. Ontel's Night Angel product does not infringe any claim of the '927 Patent.

10. Not only does Ontel not infringe any claim of the '927 Patent, but the asserted claims of the '927 Patent are also invalid.

11. In its Complaint filed in this action, Blackbird accuses Ontel's Night Angel product of infringing at least Claim 17 of the '927 Patent and, therefore, an actual case or controversy exists between Ontel and Blackbird regarding the non-infringement and invalidity of the '927 Patent.

## COUNT I – DECLARATION OF NON-INFRINGEMENT

12. The allegations of paragraphs 1 through 11 of this Counterclaim are incorporated herein by reference.

13. Ontel's Night Angel product does not infringe and is not infringing any claim of the '927 Patent and, in particular, Claim 17 of the '927 Patent for at least the reason that Ontel's Night Angel product does not read on the limitations of "a rectangular frame through which the component is accessible" and "wherein the LED is a plurality of LEDs and the side aperture is a series of side apertures, one aperture for each LED, and each LED extends into its respective side aperture" as Claim 17 of the '927 Patent recites.

14. Ontel reserves the right to supplement and/or amend its defense for non-infringement as additional information is discovered and disclosed including, without limitation, Blackbird's characterization of the '927 Patent's claim terms, Blackbird's claim construction positions, and discovery of relevant information related to prosecution of the '927 Patent.

**COUNT II – DECLARATION OF INVALIDITY**

15. The allegations of paragraphs 1 through 13 of this Counterclaim are incorporated herein by reference.

16. Each asserted claim of the '927 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and the rules, regulations, and laws pertaining thereto, for at least the reason that the patented technology encompassed by the '927 Patent is disclosed, either alone or in combination, by U.S. Patent No. 4,649,323, U.S. Patent No. 5,909,087, U.S. Patent No. 6,010,228, U.S. Patent No. 5,704,802, U.S. Patent No. 5,660,459, U.S. Patent No. 4,755,913, and , Japanese Patent No. JP09259985A. Ontel reserves the right to supplement and/or amend its defense for patent invalidity as additional information is discovered and disclosed including, without limitation, Blackbird's characterization of the '927 Patent's claim terms, Blackbird's claim construction positions, and discovery of relevant information related to prosecution of the '927 Patent.

**WHEREFORE**, Ontel respectfully requests that his Court enter judgment against Blackbird as follows:

A. A declaration that Ontel's Night Angel product does not infringe the '927 Patent;

B. A declaration that the claims of the '927 Patent are invalid;

C. An Order enjoining Blackbird, its agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening Ontel or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '927 Patent;

  D. A Declaration that this is an exceptional case, and the award to Ontel of its costs and attorneys' fees; and

  E. The award of such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Ontel demands a trial by jury on all issues herein.

Dated: October 25, 2017

              Respectfully submitted,

              */s/ Donald A. Beshada*
              BESHADA FARNESE LLP
              Donald A. Beshada (DAB 2909)
              108 Wanaque Avenue
              Pompton Lakes, New Jersey 07442
              Telephone: (973) 831-9910
              Facsimile: (973) 831-7371
              Email:  dbeshada@gmail.com

BLOOMFIELD 64944-692 1942517v3